UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BRAXTON SMITH,  )  <br>     Plaintiff,    )  <br>                  )  <br> v.               )   Case No. 25-1044  <br>                  )  <br> CHANCE JONES *et al.*,  )  <br>     Defendants.   ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed by Plaintiff Braxton Smith, an inmate at Lawrence Correctional Center. Plaintiff also filed Motions for Status (Docs. 6, 9, 10).

I.   **Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the court accepts the factual allegations as accurate and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II. **Factual Allegations**

Plaintiff's pleading alleges constitutional violations committed at Illinois River Correctional Center ("IRCC") by Warden Chance M. Jones, Internal Affairs Officer Jessica M. Petrovics, Lieutenant Jamie A. Skaggs, and Correctional Officer Marshall Guerra.

In May 2024, Defendant Petrovics authored a disciplinary report based on the Academics Officer's observation of a straw "pipe with an unknown residue on the floor in front of the Officer's desk." (Pl. Compl., Doc. 1-1 at 7.) After determining that Plaintiff had dropped the contraband, Plaintiff was placed in restrictive housing "under investigation status." (*Id*. at 9.) A subsequent search of Plaintiff's clothing and person produced a folded yellow note with a small piece of torn white paper inside and another partial note referring to a "$60 piece" and "I'm waiting on my ppl to get back in town so they can do they (*sic*) thing for me." (*Id*. at 8.) Field testing on the confiscated contraband was positive for synthetic cannabis. (*Id*. at 9.)

Plaintiff was subsequently charged with violating the following rules: 203 Drug and Drug Paraphernalia, 308 Contraband/Unauthorized Property, and 402 Health, Smoking, or Safety Violations. (*Id*. at 1.) On June 1, 2024, Defendants Guerra and Skaggs, acting as Adjustment Committee ("Committee") members, conducted a hearing on Defendant Petrovics' disciplinary report. (*Id*.)

Plaintiff pleaded guilty to infractions 203 Drug and Drug Paraphernalia and 308 Contraband/Unauthorized Property, but not guilty to 402 Health, Smoking, or Safety Violations. (*Id*. at 9.) The Committee determined that Plaintiff had violated all three violations alleged, noting the following basis for its determination: (1) that the charges

had been substantiated by the officer's report of contraband found in the academics building, which Plaintiff dropped, (2) the notes and small pieces of paper that were confiscated from Plaintiff's person and tested positive for synthetic cannabis, and (3) a confidential source, who stated that Plaintiff is a known drug dealer and drug user. (*Id.*) As to the confidential source, the Committee noted that his name was withheld for institutional safety and security reasons. (*Id.*) Plaintiff received six months of Grade C Status, six months of segregation, a disciplinary transfer, and revocation of six months of good conduct credit, which Defendant Jones approved. (*Id.* at 1-2.) The Administrative Review Board later expunged Defendant Petrovics' disciplinary report because it did not mention the confidential source. (*Id.* at 3.)

III.    **Analysis**

In his prayer for relief, Plaintiff seeks damages, in part, for the loss of his good-time credits and privileges. "*Wolff v. McDonnell* sets forth the minimum due process requirements for prison disciplinary proceedings when the prisoner has been charged with serious misconduct which could result in loss of good time credits, punitive segregation, or which might also be punishable in state criminal proceedings." *Chavis v. Rowe*, 643 F.2d 1281, 1285 n.3 (7th Cir. 1981). "A transfer to disciplinary segregation for an extended period under particularly harsh conditions may constitute a deprivation of liberty sufficient to require constitutionally minimal process." *James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017) (citations omitted).

"Due process requires that prisoners in disciplinary proceedings be given: '(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the

opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.'" *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (quoting *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992)).

Here, the record shows that the punishment imposed for Plaintiff's alleged rule violations was expunged because the proper procedure was not followed during the conduct of Plaintiff's disciplinary hearing. Thus, Plaintiff's account is sufficient to proceed on a Fourteenth Amendment due process claim against Defendants Guerra, Jones, Petrovics, and Skaggs. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (stating that claims which "necessarily imply the invalidity of the deprivation of . . . [an inmate's] good-time credits' are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus).

Plaintiff's Motions for Status (Docs. 6, 9, 10) are moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Status (Doc. 6, 9, 10) are MOOT.**

2) **According to the Court's screening of Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourteenth Amendment claim against Defendants Guerna, Jones, Petrovics, and Skaggs. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

4) **The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.**

5) **Regarding a Defendant, who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

6) **Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

7) **This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.**

8) **Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

9) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

10) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

11) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

12) **The Court directs the Clerk of the Court to attempt service on Defendants under the standard procedures.**

ENTERED November 24, 2025.

s/ *Collen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE